IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOCOR, INC. and AMS RESEARCH CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>CRYOCATH TECHNOLOGIES, INC.<br><br>    Defendant.<br><br>CRYOCATH TECHNOLOGIES, INC.,<br><br>    Counterclaimant,<br><br>v.<br><br>CRYOCOR, INC. and AMS RESEARCH CORPORATION,<br><br>    Counterdefendants. | Civil Action No. 08-031<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS

Defendant CryoCath Technologies, Inc. (CryoCath) Answers plaintiffs CryoCor, Inc.'s and AMS Research Corporation's (collectively plaintiffs) Amended Complaint alleging as follows with counterclaims:

**Nature of Action**

1.     Admit.

**Parties**

2.     Deny.

3. CryoCath lacks information sufficient to form a belief as to these allegations and therefore denies them.

4. Admit.

5. Admit.

### Jurisdiction and Venue

6. Admit.

7. CryoCath admits it is subject to this Court's personal jurisdiction in this action and denies the remaining allegations.

8. Admit.

### The Patents-in-Suit

9. Deny.

10. Deny.

11. Deny.

12. CryoCath lacks information sufficient to form a belief as to these allegations and therefore denies them.

### Count I (Infringement of U.S. Patent No. 6,572,610 (the '610 patent))

13. CryoCath incorporates paragraphs 1-12.

14. Deny.

15. Deny.

16. Deny.

**Count II (Infringement of U.S. Patent No. 6,471,694 (the '694 patent))**

17. CryoCath incorporates paragraphs 1-16.

18. Deny.

19. Deny.

20. Deny.

**Count III (Infringement of U.S. Patent No. RE 40,049 (the '049 patent))**

21. CryoCath incorporates paragraphs 1-20.

22. Deny.

23. Deny.

24. Deny.

## AFFIRMATIVE DEFENSES

25. The claims of the '610 patent are invalid because they fail to meet one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

26. CryoCath has not infringed and does not infringe any claim of the '610 patent.

27. The claims of the '694 patent are invalid because they fail to meet one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

28. CryoCath has not infringed and does not infringe any claim of the '694 patent.

29. The claims of the '049 patent are invalid because they fail to meet one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

30. CryoCath has not infringed and does not infringe any claim of the '049 patent.

31. One or both plaintiffs lack standing to assert infringement of the '610 patent.

32. One or both plaintiffs lack standing to assert infringement of the '694 patent.

33. One or both plaintiffs lack standing to assert infringement of the '049 patent.

34.  Plaintiffs, by their conduct and the conduct of their officers, are legally or equitably estopped to assert that CryoCath infringes any claim of the '610 patent.

35.  Plaintiffs, by their conduct and the conduct of their officers, are legally and equitably estopped to assert that CryoCath infringes any claim of the '694 patent.

36.  One or both plaintiffs, by their conduct and the conduct of their officers, are legally and equitably estopped to assert that CryoCath infringes any claim of the '049 patent.

37.  Plaintiffs are barred from recovery by the doctrine of patent misuse for reasons stated in the Counterclaim.

## PRAYER FOR RELIEF

CryoCath respectfully requests this Court enter judgment in favor of CryoCath and against the plaintiffs including an Order granting CryoCath the following relief:

A.  Dismissal with prejudice of the Amended Complaint;

B.  An Order that the asserted claims of the patents-in-suit are not valid;

C.  An Order that the asserted claims of the patents-in-suit are not infringed;

D.  A declaration that this case is exceptional under 35 U.S.C. § 285 at least because plaintiffs' allegations in their Amended Complaint that CryoCath willfully infringed either the '610 or the '694 patent have no basis in law or fact;

E.  An award of CryoCath's costs of suit, including reasonable attorneys' fees, under 35 U.S.C. § 285;

F.  An Order that plaintiffs' officers are vicariously liable for CryoCath's costs in paragraph E; and

    G.    Such further relief as this Court deems appropriate.

## AMENDED COUNTERCLAIMS

Defendant-counterclaimant CryoCath alleges for its Counterclaims as follows:

### Nature of Action

1. This is an action seeking:

    a.    declaratory judgment of patent invalidity and noninfringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* and 28 U.S.C. §§ 2201 and 2202;

    b.    reparation for antitrust violations under the Sherman Act, 15 U.S.C. §§ 1-2;

    c.    reparation for deceptive and unfair business practices under Delaware Code; and

    d.    reparation for patent infringement under 35 U.S.C. §§ 101 *et seq.*

### Parties, Jurisdiction, and Venue

2. Counterclaimant CryoCath Technologies, Inc. is a corporation of the province of Quebec, Canada having its principal place of business at 16771 Chemin Ste-Marie, Kirkland, Quebec, H9H 5H3, Canada.

3. On information and belief, counterdefendant CryoCor, Inc. is a Delaware corporation having its principal place of business at 9717 Pacific Heights Boulevard, San Diego, California, 92121.

4. Counterdefendant CryoCor, Inc. makes and sells in the United States cryosurgical devices, including CryoBlator catheters and Cryo Consoles. The devices are manufactured in the United States and sold in the United States and internationally, including in the European Union. These sales of U.S.-manufactured devices include sales through distributors in Italy and the United Kingdom.

5. On information and belief, counterdefendant AMS Research Corporation is a Delaware Corporation with its principal place of business at 10700 Bren Road West, Minnetonka, Minnesota 55343.

6. Based upon information in the original and Amended Complaints in this action, counterdefendant AMS Research is the owner of the entire right, title and interest in and to the '610 patent.

7. Based upon information in the original and Amended Complaints in this action, counterdefendant AMS Research is the owner of the entire right, title and interest in and to the '694 patent.

8. Based upon information in the Amended Complaint in this action, counterdefendant AMS Research is the owner of the entire right, title and interest in and to the '049 patent.

9. On information and belief, counterdefendant AMS Research Corporation does not manufacture any device within the scope of any claim of the '610 patent.

10. On information and belief, counterdefendant AMS Research Corporation does not manufacture any device within the scope of any claim of the '694 patent.

11. On information and belief, counterdefendant AMS Research Corporation does not manufacture any device within the scope of any claim of the '049 patent.

12. This Court has personal jurisdiction over counterdefendant CryoCor.

13. This Court has personal jurisdiction over counterdefendant AMS Research.

14. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1338.

15. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

### CryoCath's Friedman Patent

16.     On September 15, 1992, the United States Patent Office issued United States Patent No.5,147,355 (the '355 patent), entitled "Cryoablation Catheter and Method of Performing Cryoablation" to Peter L. Friedman, Paul Wang, and Ernest G. Cravalho.  Ex. A.

17.     CryoCath owns the '355 patent.

18.     CryoCath's '355 patent is valid.

19.     CryoCath's '355 patent is enforceable.

20.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '355 patent.

### Count I:  Infringement of CryoCath's '355 Patent

21.     CryoCath incorporates paragraphs 1-20.

22.     Defendant CryoCor directly infringed and infringes one or more claims of CryoCath's '355 patent identified by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

23.     CryoCor knows of the existence of CryoCath's '355 patent.

24.     Defendant CryoCor knows others infringe CryoCath's '355 patent by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

25.     Defendant CryoCor indirectly infringes by contributing to others' infringement of CryoCath's '355 patent by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of CryoCath's patent identified in this Count, which device or machine constitutes a material part of the invention of the patent,

7

knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

26. CryoCor's infringement of CryoCath's '355 patent caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

27. On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation. Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

28. CryoCor's acts complained of here directly and proximately damaged and continue to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

29. CryoCor's acts complained of here directly and proximately damaged and continue to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count II: Willful Infringement

30. CryoCath incorporates paragraphs 1-29.

31. On information and belief, counterdefendant CryoCor admitted infringing certain of CryoCath's patents relating to primary and pre-cooling systems at least as early as December 2006, for example in its 2006 Form 10-K and its August 2007 Form 10-Q.

32. Publicly available information reveals, and discovery will further reveal, counterdefendant CryoCor intentionally infringed CryoCath's '355 patent earlier than December 2006.

33. Counterdefendant CryoCor intended to infringe CryoCath's patents at least as stated in its December 2006 Form 10-K and August 2007 Form 10-Q.

34. Counterdefendant CryoCor's intentional infringement makes it liable under 35 U.S.C. §§ 284-285 to CryoCor for willful infringement of one or more claims of CryoCath's '355 patent.

35. Counterdefendant CryoCor intended for both direct and indirect infringement to result from its acts, making it liable for willful direct and indirect infringement.

### Count III: Patent Misuse and Violation of Sherman Act Section 2

36. CryoCath incorporates paragraphs 1-35.

37. Counterdefendant CryoCor competes with CryoCath in the relevant markets that exist in the United States for cryosurgical products to treat heart disorders.

38. On information and belief, counterdefendant CryoCor has a monopoly on certain uses within the United States of cryosurgical products to treat heart disorders.

39. By this lawsuit, counterdefendants seek to exclude CryoCath from that market.

40. Counterdefendants allege in this lawsuit CryoCath infringes the '694 patent.

41. Each independent claim of the '694 patent requires a flow control based upon three independent parameters.

42. CryoCath's accused console does not use three independent parameters to control flow.

43. Counterdefendant CryoCor knows CryoCath's console does not use three independent parameters to control flow including, for example, from publicly-available information.

44. That knowledge is imputed to counterdefendant AMS Research or AMS Research also independently knows that CryoCath's console does not use three independent parameters to control flow.

45. The claims of the '694 patent (if valid and enforceable) cannot read on CryoCath's accused console.

46. At least one counterdefendant lacks standing to assert the '694 patent against CryoCath, further demonstrating counterdefendants' assertion of that patent beyond its scope.

47. By their conduct, the counterdefendants improperly assert the claims of the '694 patent beyond their scope.

48. Counterdefendants allege in their Amended Complaint that CryoCath infringes the '049 patent.

49. Each independent claim of the '049 patent requires a source of gaseous primary refrigerant and a heat exchanger being constructed to cool and liquefy the primary refrigerant.

50. CryoCath's accused console uses neither a source of gaseous primary refrigerant nor a heat exchanger being constructed to cool and liquefy the primary refrigerant.

51. Counterdefendant CryoCor knows CryoCath's console does not use either a source of gaseous primary refrigerant or a heat exchanger being constructed to cool and liquefy the primary refrigerant including, for example, from publicly-available information.

52. That knowledge is imputed to counterdefendant AMS Research or AMS Research also independently knows that CryoCath's console does not use a source of gaseous primary refrigerant or a heat exchanger being constructed to cool and liquefy the primary refrigerant.

53. The claims of the '049 patent (if valid and enforceable) cannot read on CryoCath's accused console.

54. At least one counterdefendant lacks standing to assert the '049 patent against CryoCath, further demonstrating counterdefendants' assertion of that patent beyond its scope.

55. By their conduct, the counterdefendants improperly assert the claims of the '049 patent beyond their scope.

56. Counterdefendants' illegal predatory conduct has created a dangerous probability of success in monopolizing this market or related sub-markets and has damaged and continues to damage CryoCath and consumers.

57. This action is motivated solely by a desire to impose anticompetitive injury on CryoCath rather than to obtain a justifiable legal remedy.

58. Counterdefendants took these actions with the specific intent and purpose to monopolize or maintain CryoCor's monopoly in the relevant market or in one or more related sub-markets.

59. This conduct has anticompetitive effects and constitutes patent misuse and has already and will continue to damage CryoCath at least its costs of suit to defend against the claim and additional damages in an amount to be quantified through discovery and trial but including costs of defending against meritless claims of patent infringement and costs in disrupted business and lost opportunities to pursue legitimate competition.

60. Unless counterdefendants are enjoined from continuing its anticompetitive conduct, CryoCath as well as other competitors in the relevant market and consumers of these cryosurgical devices, will suffer irreparable harm for which there is no adequate remedy at law.

61. Counterdefendants' conduct violates Section 2 of the Sherman Act and attempted monopolization.

62. Counterdefendants' conduct constitutes patent misuse.

### Count IV: Sham Litigation

63. CryoCath incorporates paragraphs 1-62.

64. Counterdefendants' assertion of the '694 patent makes a part of this case sham litigation.

65. Counterdefendants' assertion of the '049 patent makes a part of this case sham litigation.

66. That sham litigation has already and will continue to damage CryoCath at least its costs of suit to defend against the claim and additional damages in an amount to be quantified through discovery and trial.

### Count V: Declaratory Judgment the '610 Patent Is Not Infringed

67. CryoCath incorporates paragraphs 1-66.

68. Counterdefendants filed this action alleging that CryoCath infringes the '610 patent.

69. An actual and justiciable case and controversy exists as to that alleged infringement, unless the Counterdefendants lack standing to assert that patent.

70. CryoCath does not infringe any claim of the '610 patent.

### Count VI: Declaratory Judgment the '610 Patent Is Not Valid

71. CryoCath incorporates paragraphs 1-70.

72. The claims of the '610 patent are invalid under 35 U.S.C. §§ 102, 103, 112 or 120.

### Count VII: Declaratory Judgment the '694 Patent Is Not Infringed

73. CryoCath incorporates paragraphs 1-72.

74. Counterdefendants filed this action alleging that CryoCath infringes the '694 patent.

75. An actual and justiciable case and controversy exists as to that alleged infringement, unless the Counterdefendants lack standing to assert that patent.

76. CryoCath does not infringe any claim of the '694 patent.

### Count VIII: Declaratory Judgment the '694 Patent Is Not Valid

77. CryoCath incorporates paragraphs 1-76.

78. The claims of the '694 patent are invalid under 35 U.S.C. §§ 102, 103, 112 or 120.

### Count IX: Declaratory Judgment the '049 Patent Is Not Infringed

79. CryoCath incorporates paragraphs 1-78.

80. Counterdefendants filed this action alleging that CryoCath infringes the '049 patent.

81. An actual and justiciable case and controversy exists as to that alleged infringement, unless the Counterdefendants lack standing to assert that patent.

82. CryoCath does not infringe any claim of the '049 patent.

### Count X: Declaratory Judgment the '049 Patent Is Not Valid

83. CryoCath incorporates paragraphs 1-82.

84. The claims of the '049 patent are invalid under 35 U.S.C. §§ 102, 103, 112 or 120.

### Count XI: Delaware Unfair Competition

85. CryoCath incorporates paragraphs 1-84.

86. Counterdefendants' actions constitute unfair methods of competition.

87. Counterdefendants' actions have damaged CryoCath and will continue to damage CryoCath at least its costs of suit to defend against the claim and additional damages in an amount to be quantified through discovery and trial.

88. Counterdefendants' actions constitute common law unfair competition.

### PRAYER FOR RELIEF

CryoCath respectfully requests this Court enter judgment in favor of CryoCath and against the Counterdefendants including an Order granting CryoCath the following relief:

A. Declaratory judgment that the claims of the '610 patent are invalid;

B.  Declaratory judgment that CryoCath does not infringe any claim of the '610 patent;

C.  Declaratory judgment that the claims of the '694 patent are invalid;

D.  Declaratory judgment that CryoCath does not infringe any claim of the '694 patent;

E.  A declaration that the '694 patent is not enforceable against CryoCath at least because of the doctrine of patent misuse;

F.  A declaration that the counterdefendants' case based on the '694 patent constitutes sham litigation, violation of the Sherman Act Section 2, and patent misuse;

G.  Declaratory judgment that the claims of the '049 patent are invalid;

H.  Declaratory judgment that CryoCath does not infringe any claim of the '049 patent;

I.  A declaration that the '049 patent is not enforceable against CryoCath at least because of the doctrine of patent misuse;

J.  A declaration that the counterdefendants' case based on the '049 patent constitutes sham litigation, violation of the Sherman Act Section 2, and patent misuse;

K.  A declaration that the counterdefendants violated Delaware unfair competition common law;

L.  Judgment that counterdefendant CryoCor infringes CryoCath's '355 patent;

M.  Entry of a preliminary injunction under 35 U.S.C. § 283, enjoining CryoCor, its officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing, either directly (by using, making, selling, offering to sell or importing) or indirectly (by inducement or contribution) CryoCath's '355 patent;

N.  Entry of a permanent injunction under 35 U.S.C. § 283, enjoining CryoCor, its officers, agents, servants, and employees, and those persons acting in active concert or participation with

14

any of them, from infringing, either directly (by using, making, selling, offering to sell or importing) or indirectly (by inducement or contribution) CryoCath's '355 patent;

O.   An award of damages under 35 U.S.C. § 284 sufficient to compensate CryoCath for CryoCor's infringement of each of CryoCath's patents identified in the Amended Complaint, the award in an amount not less than a reasonable royalty;

P.   An award of prejudgment interest under 35 U.S.C. § 284;

Q.   An award of postjudgment interest under 35 U.S.C. § 284;

R.   A declaration that this case is exceptional under 35 U.S.C. § 285 at least because CryoCor willfully infringed CryoCath's '355 patent or alternatively because of the doctrines of patent misuse and sham litigation;

S.   An award of increased damages under 35 U.S.C. § 285 of three times the amount of the damages found by the jury or assessed by this Court to compensate CryoCath for CryoCor's willful infringement;

T.   A postjudgment equitable accounting of damages for the period of infringement of each of CryoCath's patents identified in the Amended Complaint following the period of damages established at trial;

U.   An award of CryoCath's costs of suit, including reasonable attorneys' fees, under 35 U.S.C. §§ 284 and 285;

V.   An Order that CryoCor's officers are vicariously liable for CryoCor's infringement of CryoCath's '355 patent and for any other monetary award the Court grants CryoCath as a result of both counterdefendants' conduct; and

W.   Such further relief the Court deems appropriate.

ASHBY & GEDDES

/s/ Lauren E. Maguire
_____
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant and
Counterclaimant CryoCath
Technologies, Inc.*

*Of Counsel:*

Jason R. Buratti
Jeffery L. Kamenetsky
Joseph R. Englander
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, Florida 33301
(954) 828-1488

Dated: February 26, 2008
188488.1