IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOCOR, INC. and <br> AMS RESEARCH CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> CRYOCATH TECHNOLOGIES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 08-31-GMS <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

### REPLY TO AMENDED COUNTERCLAIMS

Plaintiffs CRYOCOR, INC. (CryoCor) and AMS RESEARCH CORPORATION (AMS Research) (collectively "Plaintiffs") reply to the amended counterclaims of Defendant CRYOCATH TECHNOLOGIES, INC. (CryoCath), assert affirmative defenses and counter-claims as follows:

### NATURE OF ACTION

1. Paragraph 1 is a question of law to which no response is required.

### PARTIES, JURISDICTION, AND VENUE

2. On information and belief, Plaintiffs admit the allegations of paragraph 2.

3. Plaintiffs admit the allegations of paragraph 3.

4. Plaintiffs admit the allegations of paragraph 4.

5. Plaintiffs admit the allegations of paragraph 5.

6. Plaintiffs admit that AMS Research is the owner of the entire right, title and interest in and to the '610 patent and that CryoCor is the exclusive licensee of the '610 patent in certain fields of use.

7. Plaintiffs admit that AMS Research is the owner of the entire right, title and interest in and to the '694 patent and that CryoCor is the exclusive licensee of the '694 patent in certain fields of use.

8. Plaintiffs admit that AMS Research is the owner of the entire right, title and interest in and to the '049 patent and that CryoCor is the exclusive licensee of the '049 patent in certain fields of use.

9. AMS Research Corporation admits that it does not manufacture any device within the scope of any claim of the '610 Patent.

10. AMS Research Corporation admits that it does not manufacture any device within the scope of any claim of the '694 Patent.

11. AMS Research Corporation admits that it does not manufacture any device within the scope of any claim of the '049 Patent.

12. Paragraph 12 is a question of law to which no response is required.

13. Paragraph 13 is a question of law to which no response is required.

14. Paragraph 14 is a question of law to which no response is required.

15. Paragraph 15 is a question of law to which no response is required.

### CRYOCATH'S FRIEDMAN PATENT

*[The allegations contained in paragraphs 16-20 are understood to pertain to CryoCath's Counts I and II directed against CryoCor. Therefore, AMS Research has not responded to the allegations in paragraphs 16-20.]*

16. CryCor admits the allegations of paragraph 16.

17. CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 17 and therefore denies the allegation of this paragraph.

18. CryoCor denies the allegations of paragraph 18.

19. CryoCor denies the allegations of paragraph 19.

20. CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 20 and therefore denies the allegation of this paragraph.

### COUNT I: INFRINGEMENT OF CRYOCATH'S '355 PATENT

*[Count I (paragraphs 21-29) makes no allegations regarding Plaintiff AMS Research. Therefore, AMS Research has not responded to the allegations in Count I.]*

21. CryoCor incorporates its answers to paragraphs 1-20 as though restated herein in their entirety.

22. CryoCor denies the allegations of paragraph 22.

23. CryoCor admits the allegations of paragraph 23.

24. CryoCor denies the allegations of paragraph 24.

25. CryoCor denies the allegations of paragraph 25.

26. CryoCor denies the allegations of paragraph 26.

27. CryoCor denies the allegations of paragraph 27.

28. CryoCor denies the allegations of paragraph 28.

29. CryoCor denies the allegations of paragraph 29.

### COUNT II: WILLFUL INFRINGEMENT

*[Count II (paragraphs 30-35) makes no allegations regarding Plaintiff AMS Research. Therefore, AMS Research has not responded to the allegations in Count II.]*

30. CryoCor incorporates its answers to paragraphs 1-29 as though restated herein in their entirety.

31. CryoCor denies the allegations of paragraph 31.

32. CryoCor denies the allegations of paragraph 32.

33. CryoCor denies the allegations of paragraph 33.

34. CryoCor denies the allegations of paragraph 34.

35. CryoCor denies the allegations of paragraph 35.

### COUNT III: PATENT MISUSE AND VIOLATION OF SHERMAN ACT SECTION 2 AND COUNT IV: SHAM LITIGATION

*[Counts III and IV (Paragraphs 36-66) are the subject of the motion to dismiss filed on even date, so no further response is required at this time.]*

### COUNT V: DECLARATORY JUDGMENT THE '610 PATENT IS NOT INFRINGED

67. Plaintiffs incorporate their answers to paragraphs 1-66 as though restated herein in their entirety.

68. Plaintiffs admit the allegations of paragraph 68.

69. Plaintiffs admit there is a justiciable case and controversy with respect to the alleged infringement of the '610 patent but deny that either Plaintiff lacks standing.

70. Plaintiffs deny the allegations of paragraph 70.

### COURT VI: DECLARATORY JUDGMENT THE '610 PATENT IS NOT VALID

71. Plaintiffs incorporate their answers to paragraphs 1-70 as though restated herein in their entirety.

72. Plaintiffs deny the allegations of paragraph 72.

### COUNT VII: DECLARATORY JUDGMENT THE '694 PATENT IS NOT INFRINGED

73. Plaintiffs incorporate their answers to paragraphs 1-72 as though restated herein in their entirety.

74. Plaintiffs admit the allegations of paragraph 74.

75. Plaintiffs admit there is a justiciable case and controversy with respect to the alleged infringement of the '694 patent but deny that either Plaintiff lacks standing.

76. Plaintiffs deny the allegations of paragraph 76.

### COUNT VIII: DECLARATORY JUDGMENT THE '694 PATENT IS NOT VALID

77. Plaintiffs incorporate their answers to paragraphs 1-76 as though restated herein in their entirety.

78. Plaintiffs deny the allegations of paragraph 78.

### COUNT IX: DECLARATORY JUDGMENT THE '049 PATENT IS NOT INFRINGED

79. Plaintiffs incorporate their answers to paragraphs 1-78 as though restated herein in their entirety.

80. Plaintiffs admit the allegations of paragraph 80.

81. Plaintiffs admit there is a justiciable case and controversy with respect to the alleged infringement of the '049 patent but deny that either Plaintiff lacks standing.

82. Plaintiffs deny the allegations of paragraph 82.

### COUNT X: DECLARATORY JUDGMENT THE '049 PATENT IS NOT VALID

83. Plaintiffs incorporate their answers to paragraphs 1-82 as though restated herein in their entirety.

84. Plaintiffs deny the allegations of paragraph 84.

### COUNT XI: DELAWARE UNFAIR COMPETITION

*[Counts IX (Paragraphs 85-88) are the subject of the motion to dismiss filed on even date, so no further response is required at this time.]*

## DEFENSES

Further responding to CryoCath's Amended Counterclaims, CryoCor alleges with respect to CryoCath's Count I (Infringement of CryoCath's '355 Patent) and Count II (Willful Infringement):

### Defense No. 1
### (No cause of action)

89. The allegations fail to state a claim against Plaintiffs upon which relief can be granted.

### Defense No. 2
### (Invalidity)

90. U.S. Patent No. 5,147,355 is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103 and/or 112.

### Defense No. 3
### (Estoppel)

91. CryoCath, by its conduct and the conduct of its owners, employees, and agents, are legally and /or equitably estopped to assert its claims, or other rights against Plaintiffs.

### Defense No. 4
### (Unclean Hands)

92. CryoCath is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

### Defense No. 5
### (No Costs)

93. CryoCath is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### Defense No. 6
### (No Infringement)

94. CryoCor has not and is not infringing, contributing to or inducing the infringement of any valid and enforceable claim of the patents in suit, either literally or under the doctrine of equivalents.

### Defense No. 7
### (Prosecution History Estoppel)

95. Statements, representations, and admissions made to the U.S. Patent and Trademark Office (PTO) during the prosecution of the application which matured into the U.S. Patent No. 5,147,355, and in related applications, as well as the prior art, estop CryoCath from asserting that any valid claims of U.S. Patent No. 5,147,355 encompass or are infringed by any product or activities of CryoCor.

### Defense No. 8
### (Unenforceability of U.S. Patent No. 5,147,355)

96. On information and belief, the named inventors of U.S. Patent No. 5,147,355 (the '355 patent) (Peter L. Friedman, Paul Wang and Ernest G. Cravalho) and/or the attorney(s) that prosecuted the '355 patent and/or others associated with the filing and prosecution of the '355 patent (collectively the "'355 Applicants") were aware, during the pendency of the patent application that issued as the '355 patent, of information material to the patentability of the application, and purposely withheld the information from the PTO with an intent to deceive the PTO. On information and belief, the '355 Applicants also intentionally made false or misleading statements to the PTO during the prosecution of the '355 patent.

97. The '355 Applicants had a duty to disclose information material to the patentability of the '355 patent pursuant to, e.g., 37 C.F.R. § 1.56 but failed to disclose material

information of which they were aware and/or submitted knowingly misleading and/or false information to the PTO.

98.     On information and belief, during the prosecution of the '355 patent, the '355 Applicants purposefully failed to name at least Clifford E. Potocky as an inventor on the application that led to the '355 patent, failed to disclose to the PTO Mr. Potocky's claim that he was an inventor of the claimed subject matter, and failed to disclose that Mr. Potocky had filed his own patent application on similar subject matter (which later issued as U.S. Patent No. 5,108,390 and was assigned to CryoCath in May 1999 according to PTO records) and failed to submit a copy of U.S. 5,108,390 to the PTO. On information and belief, the '355 Applicants intentionally submitted false or misleading statements to the PTO regarding the inventorship of the subject matter claimed in the '355 patent. For example, the incorrectly named inventors on the '355 Patent submitted a false oath/declaration to the PTO in connection with the application that led to the '355 Patent, falsely claiming to be the true and joint inventors of the subject matter disclosed and claimed therein.

99.     The '355 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of the '355 Applicants during the prosecution of the application that eventually issued as the '355 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, the '355 Applicants made material misrepresentations to the PTO by omitting material information in their communications with the PTO and/or by intentionally making false or misleading statements to the PTO. In doing so, on information and belief, the '355 Applicants violated their duty of candor and good faith to the PTO with the intent to mislead or deceive, or

with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '355 patent.

## COUNTERCLAIMS

CryoCor hereby submits the following Counterclaims.

### Parties, Jurisdiction and Venue

1. Plaintiff CryoCor is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 9717 Pacific Heights Boulevard, San Diego, California, 92121.

2. On information and belief, Defendant CryoCath is a corporation organized and existing under the laws of Quebec, Canada and has its principal place of business at 16771 Chemin Ste-Marie, Kirkland, Quebec, H9H 5H3, Canada.

3. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and under the patent laws of the United States 35 U.S.C. § 101 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because CryoCath has consented to this venue by bringing suit in this district.

### COUNT 1:
### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 5,147,355)

5. CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

6. CryoCath alleges that it owns U.S. Patent No. 5,147,355 (the '355 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '355 Patent.

9

7. CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '355 patent.

8. CryoCath has alleged that the '355 patent is valid.

9. CryoCor alleges that claims of the '355 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

10. CryoCath has alleged that the '355 patent is enforceable.

11. CryoCor alleges that the '355 patent is unenforceable.

12. There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '355 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, CryoCor respectfully requests that:

A. CryoCath's counterclaims be dismissed, with prejudice, and CryoCath's requests for relief be denied entirely;

B. U.S. Patent No. 5,147,355 be declared (a) not infringed, (b) invalid, and (c) unenforceable;

C. CryoCath be enjoined from asserting that CryoCor, its officers, agents, representatives, stockholders and/or customers infringe, contributorily infringe or induce infringement of any of the claims of U.S. Patent No. 5,147,355;

D. CryoCath be enjoined from bringing suit against any officers, agents, representatives, stockholders and/or customers alleging that they infringe, contributorily infringe or induce infringement of any of the claims of U.S. Patent No. 5,147,355;

E.  This case be declared as exceptional under 35 U.S.C. § 285 and CryoCor be awarded its reasonable attorneys' fees;

F.  CryoCor be awarded its costs of suit and an assessment of interest, including prejudgment interest; and

G.  CryoCor be awarded such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Leland G. Hansen
Wil Rao
Andrew W. Bateman
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Tel: (312) 775-8000
*Attorneys For AMS Research Corp.*

Howard N. Wisnia
James P. Conley
BAKER & MCKENZIE
12544 High Bluff Drive, Third Floor
San Diego, California 92130-3051
Tel: (858) 523-6200
*Attorneys For CryoCor, Inc.*

Dated: March 11, 2008
854188 / 32647

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Plaintiffs CryoCor, Inc. and AMS Research Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 11, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

847926 / 32647